Bohn, J.
On November 10, 1998, this matter was before the Court for a hearing on the motion for partial summary judgment filed by defendant and third-party plaintiff J. Slotnik Company (“Slotnik”) and the motion for summary judgment filed by third-party defendant Town of Brookline (‘Town”). The crux of the debate is a determination of who is responsible for the payment of a Hazardous Waste Transporters Fee (“HWTF”) charged by the Commonwealth of Massachusetts for the disposal of contaminated waste. Slotnik argues that the HWTF is akin to an excise tax, for which the Town is responsible. The Town contends, conversely, that the HWTF is a government fee, for which Slotnik assumed responsibility under the terms of its contract with the Town to construct town buildings. Plaintiff Dart Trucking Company, Inc. and Dart Services, Inc. (collectively “Dart”) defer to the Court’s determination of the party responsible for payment.
Based on the pleadings, the law, and arguments of counsel, Slotnik’s motion for summary judgment will be denied and the Town’s motion for summary judgment will be allowed.
BACKGROUND
In September of 1996, Slotnik entered into a contract with the Town of Brookline for the construction of the Town’s new Municipal Service Center at 870 Hammond Street. Construction on the project began on January 21, 1997, and involved the removal of hazardous waste in the form of lead contaminated soil, a result of the brick and concrete incinerator formerly in use at this location.
In January of 1997, Slotnik contracted with Dart Trucking to remove the contaminated soil. Dart completed its work in late January or February 1997. Pursuant to 801 Code Mass. Regs. §4.07, the Commonwealth of Massachusetts assesses a hazardous waste transporters fee of $1.82 cents per pound for moving the contaminated soil. In this case, there were 3932.94 tons of such soil which resulted in a total HWTF of $143,692.00.
After the contaminated soil had been removed from the project site, Dart billed Slotnik a total of $330,670.50 for all work performed, which included the cost of the HWTF. Slotnik has not paid Dart for that portion of this balance which represents the HWTF, $143,692.00, and Dart brought this action against Slotnik to recover that cost. Slotnik has maintained throughout that this cost must be borne by the Town and, accordingly, impleaded the Town as a third-party defendant..
Under the terms of the contract between the Town of Brookline and Slotnik, the Town was responsible for any taxes on the project,[1] and Slotnik was responsible for any government fees. On March 18,1997, the Town sent Slotnik a letter disclaiming its liability for the HWTF under the terms of the contract, outlining its contention that the HWTF was a government fee for which Slotnik was responsible under the terms of their contract. This lawsuit followed.
DISCUSSION
The question the parties ask this Court to decide is whether the Hazardous Waste Transporters Fee constitutes a tax or a fee. If this Court determines that the HWTF is a government fee, Slotnik is responsible for payment of the fee under the terms of its contract with the Town. Conversely, if this Court determines that the HWTF is a tax, the Town of Brookline is responsible for payment.
1. HWTF: Tax or Fee
“[DJetermining whether a charge is a fee or a tax depends on how the charge operates rather than how the statute or regulation describes it.” Baker v. Department of Environmental Protection, 39 Mass.App.Ct. 444, 445 n. 4 (1995). The three-step analysis for determining whether a charge is a fee or a tax was first set forth in Emerson College v. Boston, 391 Mass. 415 (1984). “[F]ees share common traits that distinguish them from taxes: [first] they are charged in exchange for a particular governmental service which benefits *206 the party paying the fee in a manner ‘not shared by other members of society,’ . . . [second] they are not paid by choice, in that the party paying the fee has the option of not utilizing the governmental service and thereby avoiding the charge... and [third] the charges are collected not to raise revenues but to compensate the governmental entity providing the services for its expenses.” Id. at 424-35 (citations omitted).
The first factor this Court must therefore consider is whether the disposal of hazardous waste from the construction site benefitted Slotnik in a manner not shared by the general public. A recent decision by the Supreme Judicial Court concerning an assessment on the disposal of radioactive materials is instructive in that regard. In that case, the court stated that “[w]hile the safe disposal of low-level radioactive waste is a public benefit ... it is the plaintiff which requires access to the disposal facilities for the low-level radioactive waste meeting Federal and State standards.” Nuclear Metals, Inc. v. Low-Level Radioactive Waste Management Board, 421 Mass. 196, 204 (1995). Similarly, although in the present case the safe disposal of hazardous waste removed from the construction site does benefit the public at large to some degree, it is Slotnik who required access to the disposal facilities to complete his project.
With regard to the second factor of the analysis, that is, whether Slotnik had the choice to avoid paying the HWTF, Nuclear Metals, Inc. is also instructive. In Nuclear Metals, the court found that “[t]he plaintiff has a ‘choice,’... as to whether to engage in manufacturing activities resulting in the production of low-level radioactive waste . . .” Although the court “recognize[d] that the ‘choice’ presented . . . [could not] realistically be considered a free choice ...” this did not affect the determination that the assessment on the low-level radioactive waste was a result of plaintiffs “choice" to engage in its manufacturing business. See also, Maine v. Department of Navy, 973 F.2d 1007, 1012-13 (1st Cir. 1992) (fact that per-pound assessment for safe disposition of hazardous waste was not voluntary did not preclude finding that assessment was a regulatory fee). In the instant case, Slotnik had a choice whether to bid for this particular project which required the removal of hazardous material. Moreover, Slotnik was not compelled to pay the HWTF; it had the choice to remediate the contaminated soil on-site. See Affidavit of Peter Ditto, Engineer for Town of Brookline.
Finally, with regard to the third prong of the Emerson analysis, that is, whether the monies raised by the HWTF is intended as compensation or is intended to raise revenue, G.L.c. 21C, §7 provides that the HWTF “shall be established at a rate or rates intended to generate monies equal to the costs, including the costs of debt service, incurred by the commonwealth on account of projects to access, contain and remove releases and threats of release of oil and hazardous materials . . .” (Emphasis added.) The fee established by the statute is, contrary to Slotnik’s assertions, not intended to raise revenue generally, but rather to reimburse the Commonwealth for the costs it will incur in cleaning up and disposing of hazardous waste.
An analysis of the Emerson factors leads to the incontrovertible conclusion that the HWTF is a government fee and not a tax.[2] The HWTF is charged by the Commonwealth to recoup costs associated with remediating hazardous waste, and the fee has the effect of regulating the disposal of that waste. “[RJegulatory fees are not taxes if commensurate with governmental expenditures occasioned by the regulated party. The general rule as to regulatory fees is ‘that the costs to the municipality which may be considered are [not] simply those which arise directly in the enforcement of the regulatory provisions themselves.’ The license fee may properly be fixed with a view toward reimbursing the city, town, or county for all expenses imposed upon it by the business sought to be regulated. ‘In fixing upon the fee, it is proper and reasonable to take into account not the expense merely of direct regulation, but all the incidental consequences that may be likely to subject the public to cost in consequence of the business licensed.’ ” Emerson at 425 n. 16 (citations omitted).
2. The Contract
The contract between the Town of Brookline and Slotnik is unambiguous: any necessary taxes are the responsibility of the Town and any necessary fees will be borne by the contractor, Slotnik. As this Court has determined that the HWTF constitutes a regulatory fee, Slotnik would accordingly be responsible for the payment under the terms of the contract.
3. Mutual Mistake
In the alternative, Slotnik argues that the parties were operating under a mutual mistake concerning whether the HWTF was a tax and whether the Town of Brookline was exempt from that tax, and, that as a result of this mutual mistake, the contract should therefore be reformed by this Court to reflect the expectations of the parties. As evidence of the mistake of the parties, Slotnik points to the minutes of the Town meetings in which the HWTF is labeled a tax by all of the parties involved.
In the instant case, however, Slotnik will be unable to prevail on a claim of mutual mistake. In order to establish a mutual mistake, Slotnik must prove that there existed (1) a mistake as to a basic assumption of the contract, (2) which had a material effect upon the agreed exchange of performances, and that (3) Slotnik did not bear the risk of the mistake. Covich v. Chambers, 8 Mass.App.Ct. 740, 749 (1979) citing Restatement (Second) of Contracts §294. Under the terms of the contract between the parties, Slotnik agreed to assume the responsibility for all government fees. In so doing, Slotnik assumed the risk that the *207 HWTF would be determined to constitute a government fee, and it is, therefore, liable for the payment of that government fee.
ORDER
For the foregoing reasons, it is ORDERED that Slotnik’s motion for partial summary judgment be DENIED and the Town of Brookline’s motion for partial summary judgment be ALLOWED.

 The Town of Brookline is exempt from any federal, state or municipal sales and/or excise taxes, so bidders were advised to submit their quotes for work accordingly.

 This Court is mindful of the recent Supreme Judicial Court decision in which the HWTF was labeled a “tax.” See American Trucking Ass'ns v. Secretary of Administration, 415 Mass. 337, 349 (1993) (“hazardous waste transportation taxes are apportioned based on pounds or gallons of waste transported in Massachusetts”). After a careful review of that decision, however, this Court is persuaded that the Appeals Court used the term “tax" loosely in connection with the HWTF, and did not intend to attach any binding legal significance to that label.